# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0103V
UNPUBLISHED

| | |
|---|---|
| M.A.,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 28, 2020<br>Refiled as Redacted: August 21, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jane Ann Morrow, Otorowski, Johnston, et. al, Bainbridge Island, WA,* for petitioner.

*Linda Sara Renzi, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

On January 22, 2018, M.A. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered shoulder injuries caused in fact by the influenza vaccination he received on October 4, 2016. Petition at 1, ¶ 2. Petitioner further alleges that he received the vaccination in the United States, continues to suffer the residual effects of his injuries, and that neither he nor any other party has filed a civil action or received compensation for his injuries alleged as vaccine caused. *Id.* at ¶¶ 2, 7, 11-12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 1, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his shoulder injuries. On July 27, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded the following:

---

[1] When this decision was originally filed, I advised my intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner filed a timely motion to redact certain information. This decision is being posted with Petitioner's name redacted to reflect his initials only. Except for those changes and this footnote, no other substantive changes have been made. This decision will be posted on the court's website with no further opportunity to move for redaction.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

    A.  All items of compensation identified in the joint life care plan entitled Appendix A which is attached to the Proffer as Tab A;

    B.  The amount of $95,000.00, representing compensation for Petitioner's actual and projected[3] pain and suffering; and

    C.  The amount of $4,706.00, representing compensation for Petitioner's actual unreimbursable expenses.

Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

**A.  A lump sum in the amount of $105,906.00, representing compensation in the amounts of $6,200.00 for life care expenses in the first year after judgment, $95,000.00 for actual pain and projected pain and suffering, and $4,706.00 for actual unreimburseable expenses in the form of a check payable Petitioner; and**

**B.  An amount sufficient to purchase the annuity contract as described in Section II.B. of the Proffer.**

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                      <u>**s/Brian H. Corcoran**</u>
                                                      Brian H. Corcoran
                                                      Chief Special Master

---

[3] The Proffer states that the portion of this award representing Petitioner's projected pain and suffering has been reduced to the net present value. Proffer at 2; *see* § 15(f)(4)(A) (requiring a reduction to net present value for future compensation being currently paid).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| M▮▮▮▮ A▮▮▮▮,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 18-103V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 22, 2018, M▮▮▮▮ A▮▮▮▮ ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered shoulder injuries following administration of an influenza vaccine he received on October 4, 2016.  Petition at 1.  On March 1, 2019, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a Shoulder Injury Resulting from Vaccine Administration (SIRVA) Table injury, and on March 1, 2019, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 27; ECF No. 28.

**I.    Items of Compensation**

   A.    Life Care Items

Respondent engaged life care planner Linda Curtis, RN MS, CNLCP, CCM, and petitioner engaged Cloie B. Johnson, M.Ed., ABVE, CCM, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term

"vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for M███ A███, attached hereto as Tab A.[1] Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.    Pain and Suffering

Respondent proffers that petitioner should be awarded $95,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    C.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,706.00. Petitioner agrees.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

    A. A lump sum payment of $105,906.00, representing compensation for life care expenses expected to be incurred during the first year after judgment ($6,200.00), pain and

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

suffering ($95,000.00), and past unreimbursable expenses ($4,706.00), in the form of a check payable to petitioner, M▆▆▆ A▆▆▆.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, M▆▆▆ A▆▆▆ only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

3

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, M____ A____, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of M____ A____'s death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, M____ A____:    **$105,906.00**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

        Respectfully submitted,

        ETHAN P. DAVIS
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>s/Linda S. Renzi</u>
        LINDA S. RENZI
        Senior Trial Counsel
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Tel:  (202) 616-4133

Dated:  July 27, 2020

Appendix A:  Items of Compensation for M████ A████        Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2020 | Compensation Years 2-5 2021-2024 | Compensation Years 6-9 2025-2028 | Compensation Years 10-Life 2029-Life |
|---|---|---|---|---|---|---|---|
| Insurance MOP | 5% | | | 3,500.00 | 3,500.00 | | |
| Medicare Supp F | 5% | | M | | | | 2,925.00 |
| Psych Eval | 5% | * | | | | 120.00 | |
| Physiatry Eval | 4% | * | | | | 240.00 | |
| PT Eval | 4% | * | | | | 180.00 | |
| Massage Therapy | 4% | * | | | | | |
| Acupuncture | 4% | * | | | | | |
| SPECT CT Scan | 5% | * | | | | | |
| EMG/NCS | 5% | * | | | | | |
| Ultrasound & EMG Guidance | 5% | * | | | | | |
| Therapeutic Ultrasound | 5% | * | | | | | |
| Microcurrent Electro-therapy | 5% | * | | | | | |
| Axillary Nerve Block | 5% | * | | | | | |
| Ancillary Services | 4% | | M | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 |
| Pain and Suffering | | | | 95,000.00 | | | |
| Past Unreimbursable Expenses | | | | 4,706.00 | | | |
| Annual Totals | | | | 105,906.00 | 6,200.00 | 3,240.00 | 5,625.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($6,200.00), pain and suffering ($95,000.00), and past unreimbursable expenses ($4,706.00): $105,906.00.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.