# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 18-103V

(not to be published)

| | |
|---|---|
| M.A.,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 28, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Jane Ann Morrow, Otorowski, Johnston, et. al, Bainbridge Island, WA,* for Petitioner.

*Linda Sara Renzi, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On January 22, 2018, M.A. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered shoulder injuries caused in fact by the influenza vaccination he received on October 4, 2016. (Petition at 1, ¶ 2). On July 28, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 60).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated September 2, 2020, (ECF No. 71), requesting a total award of $76,490.65 (representing $58,637.00 in fees and $17,853.65 in costs). In accordance with General Order #9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (ECF No. 70 at 1). Respondent reacted to the motion on September 8, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 71). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

    A.  Hourly Rates

Petitioner requests the following rates: for attorney Jane Ann Morrow: $410 for time billed in 2017; $420 for time billed in 2018; $435 for time billed in 2019 and $450 for time billed in 2020; attorney Ed Harper $300 for all time billed in 2017; and for paralegals the rate of $145 for time billed in 2017; $150 for time billed in 2018; $155 for time billed in 2019 and $160 for time billed in 2020. (ECF No. 70 at 7). The rates for Ms. Morrow and the paralegals have been previously awarded and will be awarded in this matter as well.

        i.      Ed Harper

Attorney Ed Harper billed 12.65 hours in 2017 for a total of $3,795.00. (*Id.*) The billing records submitted reflect that Mr. Harper's time was spent "reviewing emails" and performing "research".

Prior to Ms. Morrow's involvement in the case, Mr. Harper's time was spent familiarizing himself with the Vaccine Program. However, "[i]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Once Ms. Morrow began working on Petitioner's case, Mr. Harper's time was spent reviewing emails.

Based on the invoices submitted and the vagueness of the entries on the invoices, it is unclear what Mr. Harper's contributions to this case have been. I find the time requested for Mr. Harper unnecessary and deny the request for fees submitted by Mr. Harper in full. This reduces the request for attorney fees by **$3,795.00**.

    B.  Travel Time

On February 4, 2020, Ms. Morrow billed 8 hours for "site visit with Respondent", however did not differentiate time spent on travel to and from the site and time spent on the visit itself. (ECF No. 70-1 at 5). In the Vaccine Program, special masters traditionally have compensated for time spent traveling when no other work was being performed at

one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* Ms. Morrow is requesting mileage reimbursement for 134.2 miles. (ECF No. 70-2 @2). Given the area Ms. Morrow was driving through, which would have taken longer to travel, it is difficult to assess how much of the 8 hours billed was spent traveling and how much was spent during the site visit. As I cannot decipher the exact time spent, I find it is reasonable to find one-half of this time, four hours, was spent driving to and from the site visit. Thus, I will reduce this entry by 25 percent, resulting in a reduction of **$900.00**.

      C.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 8.1 hours was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents. Examples of these entries include the following:

- September 11, 2017 (0.30 hrs) "HITECH letter sent to providers"
- March 16, 2018 (0.10 hrs) "Call Court re problems with exhibit numbering"
- April 20, 2018 (0.20 hrs) "Calendar deadlines noted in 04/10/18 Scheduling Order"
- January 18, 2019 (0.30 hrs) "Call Court re error in status report"

(ECF No. 70-1 at 8 -9).[3]

---

[3] These are merely examples and not an exhaustive list.

I hereby reduce the request for attorney fees for all time considered administrative, reducing the request by **$1,220.00**.[4]

### D. Duplicate Billing Entries

In reviewing the billing invoices submitted, there are multiple duplicate billing entries, in which the entries reflect the exact same date, billing time, and description of the billing task. The entries repeat throughout mid - 2018 and most of 2019. (ECF No. 70-1 at 3-4). This appears to be an administrative error, however it resulted in 3.15 hours of double billing in 2018 and 13.75 hours of double billing in 2019. The duplicate entries will not be reimbursed, and this reduces the request for attorney fees by **$7,304.25**.[5]

## ATTORNEY COSTS

Petitioner requests $17,853.65 in overall costs. (ECF No. 70 at 2). This amount is comprised of obtaining medical records, expert costs, and the Court's filing fee. I have reviewed all of the requested costs and corresponding information and find a reduction of costs to be appropriate, as set forth below.

### A. Expert Costs

#### i. Marko Bodor, M.D.

Dr. Marko Bodor submitted a total of $2,003.00 in fees and costs. Dr. Bodor billed his time at $500.00 per hour. I find this rate to be reasonable and his amount requested to be reasonable and award it herein.

#### ii. Eric Brand, M.D.

Dr. Eric Brand submits a total of $8,396.18 in fees and costs. (ECF No.70-3 at 2). Dr. Brand billed his time at $650 per hour for 2019 and $700 per hour for 2020. Although Dr. Brand has extensive experience in his field, his requested rate is considered excessive for work performed in the Vaccine Program. Fees for experts are subject to the same reasonableness standard as fees for attorneys." *See Baker v. Sec'y of Health &*

---

[4] This amount consists of ($145 x 4.1 hrs = $594.50) + ($150 x 2.8 hrs = $420) + ($155 x 0.5 = $77.50) + ($160 x 0.8 hrs = $128) = $1,220.00.

[5] This amount consists of ($420 x 3.15 hrs = $1,323.00) + ($435 x 13.75 = $5,981.25) = $7,304.25.

*Human Servs.,* No. 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb 24, 2005). For Dr. Brand's work, I find the rate of $500 per hour for all time billed to be more aligned with what other experts in the Program have been awarded. This results in a reduction of Mr. Brand's time in the amount of **$2,014.50**.[6]

### iii. OSC Vocational

For the life care planning services of OSC Vocational, Petitioner requests a total of $6,296.55 in fees and costs. This consists of 26.10 hrs at $239 per hour. I find the hourly rate reasonable, however find a reduction is needed for time billed for travel. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Life care planners and other experts are held to the same reasonableness as attorneys in the program and as such I will reduce the hours billed for travel by 50% reducing the request for costs by **$382.40**.

### iv. Other Costs

Petitioner has several items listed under "Other costs", consisting of shipping expenses, the purchase of cd's and binders. (ECF No. 70-3 at 3-4). Upon review of the documents provided, there was no documentation provided for shipping charges on the following dates; December 6, 2017 ($0.98); May 24, 2018 ($17.78); May 2, 2019 ($13.50) and April 29, 2020 ($2.50). Additionally, no documentation was provided for the charges regarding "binding expense" for $12.00 on September 22, 2017 and "disk duplication" for $150.00 on September 17, 2018. (*Id.* at 4). As no proof of payment was provided for these costs, they will not be reimbursed. This results in a reduction of costs in the amount of **$195.78**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$60,678.72** (representing $45,417.75 in fees and $15,260.97 in costs) as

---

[6] This amount consists of ($650 - $500 = $150 x 10.7633 hrs = $1,614.50) + ($700 - $500 = $200 x 2 hrs = $400.00).

a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.