# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-0103V

|  |  |
|---|---|
| M.A.,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: August 21, 2020<br><br>Order; Motion for Redaction; Special<br>Processing Unit (SPU); Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Jane Ann Morrow, Otorowski, Johnston, et. al, Bainbridge Island, WA, for petitioner.*

*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

### ORDER GRANTING MOTION TO REDACT[1]

On January 22, 2018, M.A. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered shoulder injuries caused in fact by the influenza vaccine he received on October 4, 2016. Petition at 1, ¶ 2.

I recently issued a Decision Awarding Damages. ECF No. 60. Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact his name to his initials and remove any identifying information in this Decision. Motion for Redaction ("Motion"), filed Aug. 10, 2020, ECF No. 63. For the reasons stated below, I hereby grant Petitioner's motion in part, and order that his name be redacted to initials in the Decision issued on July 28, 2020 and attached Proffer.

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of the undersigned's conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.      Procedural Background

Petitioner filed the present motion on August 10, 2020, requesting that I substitute his initials for his full name and redact any identifying information. Motion at ¶ 2. Petitioner also requests that I amend the caption to reflect his initials only. *Id.* at ¶ 3. Petitioner argues this relief is needed to protect his financial security and current and future employment. Petitioner indicates he is currently employed by a large medical provider who requires that he be vaccinated as a condition of his employment and is familiar with the Vaccine Program. Petitioner is concerned his employment will be affected if his employer becomes aware of the extent of his injury. *Id.* at 4 (Petitioner's declaration).

On August 12, 2020, Respondent filed his response, taking no position as to whether redaction is appropriate or not, and deferring resolution of the matter to my judgment. ECF No. 66.

Petitioner did not file a reply. The matter is now ripe for resolution.

## II.      Analysis

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the

vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

Here, I find that it is appropriate to grant Petitioner's request to redact his name to reflect his initials only but will permit no further redaction of the Decision. The disclosure of the additional information contained in the Decision and attached Proffer is necessary to inform the public of the type of injuries related to the vaccination Petitioner received and compensation which has been awarded. Such information would not be appropriate for redaction under the Vaccine Act given the public's interest in disclosure of possible vaccine-related injuries. *See W.C.*, 100 Fed. Cl. at 461. Furthermore, I find that none of this information, either singularly or in the aggregate, is sufficient to identify the Petitioner in this case, and Petitioner has not otherwise shown why a more extensive redaction (which would effectively render the Decision unintelligible) is justified. The more limited redaction is sufficient to protect Petitioner's legitimate concerns.

### III.    CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of his name in the Decision Awarding Damages and attached Proffer, and I therefore GRANT the motion to that extent. The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
